89 F.3d 825
 76 A.F.T.R.2d 95-7742, 95-2 USTC P 50,638
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
William M. MULDERIG and Joan G. Mulderig, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-4154.
 United States Court of Appeals, Second Circuit.
 Nov. 9, 1995.
 
 1
 Petition for review from the United States Tax Court (David Laro, Judge).
 
 
 2
 APPEARING FOR APPELLANT: William M. Mulderig, pro se, Suffern, N.Y.
 
 
 3
 APPEARING FOR APPELLEE: Anthony T. Sheehan, Tax Division, Department of Justice, Washington, D.C.
 
 
 4
 U.S.T.C.
 
 
 5
 AFFIRMED.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States Tax Court and was argued by appellant pro se, and by counsel for appellee.
 
 
 7
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the decision of the United States Tax Court is hereby AFFIRMED.
 
 
 8
 William M. Mulderig appeals from the May 31, 1994, decision of the Tax Court affirming findings by the Commissioner of Internal Revenue that Mulderig was liable for a tax deficiency for the tax year 1982 and for an addition to tax under I.R.C. § 6653(a) for intentional disregard of rules and regulations. This appeal concerns the tax treatment of various transactions surrounding Mulderig's 1982 purchase of a seventy-five percent interest in the racehorse "Merger." We affirm for substantially the reasons set forth in the Tax Court's thorough opinion.
 
 
 9
 1. Mulderig claims that he obtained the downpayment on Merger by borrowing $1,031,250 from 17 Goshen Corp., a closely-held corporation of which he was president. The Tax Court, agreeing with the Commissioner, made a finding of fact that the money Mulderig received from 17 Goshen Corp. was taxable income to Mulderig and not a loan.
 
 
 10
 An appellant can prevail on an appeal from a tax court's adverse finding of fact only by showing that the finding was clearly erroneous. Muserlian v. Commissioner of Internal Revenue, 932 F.2d 109, 112 (2d Cir.1991). The Commissioner's findings in the notice of deficiency are presumed correct, Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 9 (1933); Mulderig bore the burden of proving the Commissioner's theories wrong. Bernuth v. Commissioner of Internal Revenue, 470 F.2d 710, 714 (2d Cir.1972).
 
 
 11
 Ample evidence supported the Tax Court's decision. Mulderig issued a promissory note to Goshen bearing 8.5 percent interest even though Goshen had borrowed the money from a bank at approximately seventeen percent interest; Mulderig presented no evidence that he ever informed Goshen's sole shareholder of the transaction; and Goshen did not list the loan as an asset on its income tax return. Although Mulderig presented some evidence to rebut the Commissioner's finding, we cannot say that the Tax Court erred in finding that the "loan" was really income to Mulderig.
 
 
 12
 2. Mulderig claimed the total cost of Merger (and therefore his depreciable basis) was $6,187,500. The Tax Court found that the notes used to purchase Merger did not constitute valid indebtedness and limited Mulderig's depreciable basis to the amount of his net cash payments, $1,905,500. To support its finding, the Tax Court noted, among other things, that Mulderig did not obtain an independent appraisal before purchase; his purchase from an intermediary was not an arms-length transaction because the seller agreed to share with Mulderig all profits from the sale; and at the time of purchase, Mulderig intended to syndicate Merger to a tax shelter. Under the standard of review articulated above, we cannot say that the Tax Court's finding of fact on this issue was clearly erroneous.
 
 
 13
 3. Mulderig asserts that the Tax Court erred in finding him liable for the section 6653(a) addition to tax for intentional disregard of rules or regulations. Decisions of the Tax Court under section 6653(a) are reviewed only for clear error. Goldman v. Commissioner of Internal Revenue, 39 F.3d 402, 406 (2d Cir.1994). The Tax Court found that Mulderig, a sophisticated businessman and attorney familiar with tax laws, intentionally disregarded those laws when he inflated the price of Merger to take excessive depreciation deductions and when he failed to report income he converted from Goshen. On these facts, the Tax Court's decision was not clearly in error.
 
 
 14
 4. Mulderig claims that the Tax Court incorrectly found that he had failed to show that he had obtained an independent appraisal of Merger. While Mulderig offered an appraisal into evidence, it was excluded as hearsay; the Court also noted that Mulderig had failed to qualify the appraiser as an expert. (Supp.App. at 59-60.) Mulderig also claims that the Tax Court erred in allowing the Commissioner to amend her brief and in refusing to extend trial into the next morning to allow a subpoenaed witness to appear at a time more convenient to him. We find no merit to these claims.